United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Aqil Majeed Al-Emara,  Case No. 06-51332-R
               Debtor.  Chapter 7
_____/

Saul Eisen, United States Trustee,
               Plaintiff,

v.  Adv. No. 06-5745

Aqil Majeed Al-Emara,
               Defendant.
_____/

Opinion Regarding Motion for Summary Judgment and Default Judgment

This adversary proceeding is before the Court on the objection to discharge filed by the United States Trustee (UST) under 11 U.S.C. § 727(a)(3) and (a)(5). The UST has filed a motion for summary judgment and for default judgment.

I.

On August 21, 2006, the debtor filed a petition under chapter 7 of the bankruptcy code. The summary of schedules attached to the debtor's petition disclosed total assets of $1,747. Monthly income and expenses were shown as $1,180.41 and $1,137, respectively. The debtor's liabilities, comprised wholly of unsecured debt attributable in large part to gambling losses, totaled $159,463. Total income from all sources from 2004 through August, 2006 was listed on the debtor's statement of financial affairs as $10,080. The debtor filed his petition with the assistance of counsel.

On October 4, 2006, the first meeting of creditors was held. During that meeting, the debtor

was represented by counsel and assisted by an interpreter. The debtor testified to the accuracy of the information contained in the bankruptcy petition. The meeting was adjourned to allow the debtor additional time to produce copies of pay stubs.

On October 13, 2006, the UST notified the debtor in writing that the following information must be produced prior to the adjourned meeting: 1) copies of his personal income tax returns for 2003, 2004 and 2005; 2) copies of monthly statements for the 17 accounts listed on Schedule F with balances in excess of $1,000 for the three-year period prior to the date of the petition; 3) copies of all bank account records maintained or received by the debtor for any type of account maintained by the debtor during the three years prior to the petition date; and 4) copies of any and all other documents relating to the debtor's credit card accounts and bank accounts. (Pl. Br. in Supp. of Mot. for Summ. J., Ex. C).

At the continued meeting of creditors on November 1, 2006, the debtor was again represented by counsel and assisted by an interpreter. Verification of income was provided to the trustee. Conflicting testimony was offered by the debtor regarding the total amount of unsecured debt owed.

Copies of the debtor's tax returns for 2003, 2004 and 2005 were turned over prior to or during the adjourned meeting. The parties agree that no additional records were produced by the debtor. The Court is not in receipt of any of the debtor's records.

The UST contends that he is entitled to summary judgment under § 727(a)(3) because the debtor failed to maintain financial records. In addition, the UST alleges that summary judgment is warranted under § 727(a)(5) because the debtor failed to satisfactorily explain the loss or deficiency of assets. In the alternative, the UST seeks entry of a default judgment as a sanction under Fed. R. Civ. P. 16(f), as contemplated by Fed. R. Civ. P. 37(b)(2)(C), because the debtor failed to provide

2

initial disclosures in violation of the Court's scheduling order of January 25, 2007.

Debtor's counsel contends that the debtor's testimony at the meeting that he sustained unverifiable gambling losses raises a credibility issue which must be addressed at trial. According to debtor's counsel, the debtor had no intent to defraud and is being handicapped by his limited understanding of the English language. Further, counsel contends that the debtor is obligated for under $30,000 of unsecured debt, as opposed to the $159,463 shown in the debtor's bankruptcy petition, because duplicate claims were listed on Schedule F of his petition.

II.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

III.

Section 727(a) of the Bankruptcy Code requires the Court to grant a discharge unless

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

11 U.S.C. § 727(a)(3). Discharge is conditioned upon the debtor providing a clear picture of his financial dealings to the trustee and creditors. *Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296

(9th Cir. 1994). The burden is not on the trustee or the creditor to recreate the debtor's financial affairs.

Section 727(a)(3) requires the objecting party to show:

> (1) either that the debtor failed to keep or preserve any recorded information, including books, documents, records and papers, or that the debtor or someone acting for him destroyed, mutilated, falsified, or concealed any recorded information including books, documents, records and papers; and (2) that as a result, it is impossible to ascertain the financial condition and material business transactions of the debtor.

*Solomon v. Barman* (*In re Barman*), 244 B.R. 896, 900 (Bankr. E.D. Mich. 2000) (citing 6 Collier on Bankruptcy ¶ 727.03[4], at 727-36 (Lawrence P. King ed., 15th ed. 1998)). The burden then shifts to the debtor to justify his failure to keep records. *Id*. (citations omitted).

It is clear that the debtor did not maintain sufficient records of his financial dealings. He has produced no credit card or bank account statements, bills, cancelled checks, payment receipts or other similar documentation. In fact, the debtor has produced not a single document concerning his bank accounts, his numerous credit card accounts, or his gambling winnings or losses. The debtor's counsel admits that the debtor is unable to produce records of his gambling activities.

The Court concludes that the trustee and the creditors are unable to conduct a meaningful evaluation of the debtor's financial affairs from the meager records produced by the debtor. Verification of income and income tax returns alone do not provide adequate insight into the debtor's financial dealings.

As justification for failing to comply with § 727(a)(3), the debtor argues that he cannot provide evidence of gambling losses. However, the fact that the debtor has a gambling habit does

4

not excuse him from the requirements of § 727(a)(3). There is no evidence before the Court to suggest that the debtor's gambling activities interfered with his ability to keep records. *Dolin v. Northern Petrochemical Co.* (*In re Dolin*), 799 F.2d 251, 254 (6th Cir. 1986).

The debtor failed to show by a preponderance of the evidence that his failure to keep adequate records was justified under all of the circumstances of this case. *In re Cox*, 41 F.3d at 1297. Accordingly, the Court grants the UST's motion for summary judgment.

IV.

Section 727(a)(5) authorizes denial of discharge if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). The scope of § 727(a)(5) is broad, encompassing "any unexplained disappearance or shortage of assets." *Barman*, 244 B.R. at 900 (citing *Chalik v. Moorefield* (*In re Chalik*), 748 F.2d 616 (11th Cir. 1984)). The initial burden of proving loss or deficiency of assets lies with the objecting party. The burden then shifts to the debtor to provide a satisfactory explanation of the loss. *Barman*, 244 B.R. at 900.

The debtor's petition shows that he was extended a significant amount of credit and has no assets to show for it. Schedule F confirms that the debtor amassed liabilities up to 10 times greater than his annual income, and 15 times greater than his estimated total earnings during the time period from 2004 through August, 2006. Nevertheless, the debtor estimates the total value of his assets at $1,747.

The debtor asserts that Schedule F is inaccurate because it includes duplicate claims, and that his unsecured obligation is only $30,000. However, no steps have been taken to amend Schedule F. Further, at both the original and the adjourned meeting, the debtor testified that the information

5

contained in his bankruptcy schedules was accurate.

Having established that the debtor received a significant amount of credit, his sole explanation for the disappearance of that money is to assert that it was lost gambling. A more complete explanation is required under § 727(a)(5). Vague, unsubstantiated statements that the debtor sustained gambling losses does not fulfill the debtor's obligation under § 727(a)(5). *Dolin*, 799 F.2d at 253. Nor do such statements raise a credibility issue for trial.

There is no evidence before the Court to suggest that the debtor's limited understanding of the English language hindered his efforts to comply with the requirements of the Bankruptcy Code. The debtor was represented by counsel at every step of his bankruptcy proceeding, and was assisted by an interpreter during both the original and adjourned meetings. The debtor's limited ability in the English language has no bearing on his ability to maintain financial records, or on his ability to satisfactorily explain, by way of counsel, the deficiency of assets in his estate. The debtor sought protection under the Bankruptcy Code and is required to comply with its provisions.

Finally, the fact that the debtor had no intent to defraud, as debtor's counsel contends, has no bearing on this case. Fraudulent intent is not a requirement under § 727(a)(3) or § 727(a)(5). *Peterson v. Scott* (*In re Scott*), 172 F.3d 959, 969 (7th Cir. 1999).

The Court finds that the debtor failed to provide a satisfactory explanation for the loss of assets as required under § 727(a)(5). Accordingly, the UST's motion for summary judgment is granted.

## Conclusion

The UST's motion for summary judgment is granted under § 727(a)(3) and (a)(5). Consequently, the Court will not decide the issue of default. The Court will issue an order consistent

with this opinion.

Not for Publication.

**Signed on July 25, 2007**

                                                                                   /s/ Steven Rhodes
                                                                                   **Steven Rhodes**
                                                                                    **Chief Bankruptcy Judge**